IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **KATRINA KUNCKLES,** | : | |
| 5723 Highland Terrace | : | |
| Milford, OH 45150 | : | Case No. 1:23-cv-93 |
| | : | |
| **Plaintiff, for herself and all** | : | JUDGE |
| **others similarly situated,** | : | |
| | : | MAGISTRATE JUDGE |
| vs. | : | |
| | : | |
| **KOMAN ENTERPRISES, LLC,** | : | |
| c/o Registered Agent Mike Koman | : | |
| 1065 Reading Road, Suite F | : | |
| Mason, OH 45040 | : | |
| | : | |
| and | : | |
| | : | |
| **MICHAEL KOMAN,** | : | |
| 1065 Reading Road, Suite F | : | |
| Mason, OH 45040 | : | |
| | : | |
| **Defendants.** | : | |

## COLLECTIVE ACTION COMPLAINT

NOW COMES Plaintiff Katrina Knuckles ("Plaintiff"), on behalf of herself and all others similarly situated, and proffers this Collective Action Complaint for damages against Defendants Koman Enterprises, LLC and Michael Koman (referred to collectively herein as "Defendants").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original jurisdiction over Plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because Defendants are doing and have done substantial business in the Western Division of the Southern District of Ohio, and Plaintiff performed her job duties in the Western Division of the Southern District of Ohio.

## THE PARTIES

4. Plaintiff Katrina Knuckles is an individual, a United States citizen, and a resident of Clermont County, Ohio.

5. Defendant Koman Enterprises, LLC is a limited liability company registered to do business in Ohio and conducting business in the Western Division of the Southern District of Ohio.

6. Defendant Michael Koman is an individual and a resident of the state of Ohio.

7. Upon information and belief, Defendant Michael Koman is the owner of Defendant Koman Enterprises, LLC.

8. At all times relevant herein, Plaintiff was an "employee" of Defendants as defined by the FLSA.

9. At all times relevant herein, Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA.

10. At all times relevant herein, Defendants have mutually benefitted from the work performed by Plaintiff.

11. At all times relevant herein, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff.

12. At all times relevant herein, Defendants have shared the services of Plaintiff.

13. At all times relevant herein, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff.

14. At all times relevant herein, Defendants have been jointly engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendants have an annual dollar volume of sales or business of at least $500,000.00.

15. Upon information and belief, Defendants were fully aware of the fact that they were legally required to comply with the wage and hour laws of the United States.

16. Plaintiff brings this action on her own behalf and on behalf of those similarly situated, and Plaintiff has given written consent to bring this action to collect unpaid overtime compensation under the FLSA. The consent form is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A).

## FACTUAL BACKGROUND

**Defendants' Pay Policies & Practices**

17. Defendants are in the insurance brokerage business. Defendants sell and service insurance policies provided by the underwriting company – All State Insurance – and act as an intermediary between the consumer and All State Insurance.

18. Defendants operate an office located in Mason, Ohio.

19. Upon information and belief, Defendants employ approximately 12 or more insurance sales and service agents at any given time. Insurance Sales Agents are responsible for securing sales on new insurance policies, and Insurance Service Agents are responsible for managing existing insurance policies.

20. Defendants' insurance sales and service agents (hereinafter referred to collectively as "Insurance Agents") are not customarily and regularly engaged away from Defendants' place or places of business.

21. Insurance Agents make sales on insurance policies or service existing policies primarily via telephone or video, and their work is performed either at Defendants' Mason, Ohio office or remotely from the Insurance Agent's home. Insurance Agents do not travel to Defendants' clients to make sales on insurance policies or manage existing insurance policies.

22. Defendants pay their Insurance Agents in one of two ways: (1) a base hourly rate plus commission; or (2) a commission-only rate.

23. Defendants' Insurance Agents are not exempt from the overtime mandates of the Fair Labor Standards Act.

24. Insurance Agents regularly work more than 40 hours in a single workweek.

25. At all times relevant herein, Defendants have not compensated their Insurance Agents at an overtime premium rate of one and one-half times their regular rate(s) of pay – or at any rate – for all hours worked in excess of 40 in a workweek.

26. Insurance Agents are scheduled to work 8.5 hour shifts five days per week. While Insurance Agents often work more than 8.5 hours in a workday and more than five days per week, they are only paid for their scheduled hours of work.

27. Moreover, Insurance Agents receive one 30-minute unpaid meal break each workday. This 30-minute unpaid meal break is automatically deducted from Insurance Agents' total hours worked per day.

28. However, Insurance Agents are seldom able to take an *uninterrupted* 30-minute meal break. Insurance Agents often consumed their meals between assisting Defendants' clients or were forced to forego their meals entirely.

29. Insurance Agents were only paid for a maximum of 40 hours per workweek.

30. Defendants have also taken *additional* deductions from Insurance Agents' scheduled hours.

31. For example, beginning in or around June 2017 and continuing through at least July 2021, Defendants created a "30 minute time loss" policy. Insurance Agents were required to clock in and out for their shifts at their scheduled start and end times, instead of their actual start and end times. If Insurance Agents forgot to clock in or out on schedule and requested that Defendants adjust their records, an additional 30-minute deduction was taken to Insurance Agents' scheduled work hours for each requested adjustment.

32. Defendants have refused to pay their Insurance Agents in accordance with the law.

**Plaintiff's Employment Experience**

33. Plaintiff Katrina Knuckles was employed by Defendants as an Insurance Sales Agent from approximately 2015 to July 2021.

34. Plaintiff Knuckles was paid a base hourly rate of $17.30 per hour plus commission on insurance policy sales until approximately October 8, 2020.

35. From approximately October 8, 2020 through the end of Plaintiff's employment with Defendants, she was paid on a commission-only basis.

36. At all times relevant herein, Plaintiff has regularly worked more than 40 hours in a single workweek.

37. Defendants were aware that Plaintiff regularly worked more than 40 hours in a single workweek. On several occasions, Plaintiff has contacted Defendants to inform them that her workday lasted significantly longer than her 8 scheduled hours.

38. At all times relevant herein, Plaintiff has been subjected to the pay policies and procedures described herein.

39. At all times relevant herein, Defendants failed to compensate Plaintiff for all overtime hours worked at the proper rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 per workweek.

## COUNT I
### FLSA Collective Action, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime (Against All Defendants)

40. All of the preceding paragraphs are realleged as if fully rewritten herein.

41. Plaintiff brings her FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes:

> All current and former Insurance Agents of Defendants who, during the previous three (3) years, were paid on an hourly and/or commission basis and worked in excess of 40 hours per workweek (hereinafter referred to as "Class").

42. Plaintiff and the Class have all been subjected to the same unlawful payroll practice. Specifically, Defendants have refused to pay Plaintiff and the Class for all of their hours worked in excess of 40 per workweek.

43. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) for overtime compensation withheld in violation of the FLSA. Plaintiff is representative of all SSPs and is acting on behalf of others' interests as well as her own in bringing this action.

44. These SSPs are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

45. In addition to Plaintiff, numerous putative Class Members have been denied proper overtime compensation due to Defendants' company-wide failure to properly pay overtime premiums for all hours worked.

46. Plaintiff and the SSPs were paid on an hourly and/or commission basis.

47. Plaintiff and the SSPs were non-exempt employees.

48. Plaintiff and the SSPs frequently worked more than 40 hours per week.

49. Plaintiff and the SSPs were not paid at an overtime premium for all hours worked in excess of 40 per workweek.

50. Defendants were aware that Plaintiff and the SSPs regularly performed compensable work for Defendants' benefit outside of their scheduled hours. Defendants were also aware that Plaintiff and the SSPs were unable to take an uninterrupted meal break during their 30-minute unpaid meal break. Thus, during weeks that Plaintiff and the SSPs worked more than 40 hours per workweek, Defendants were aware that Plaintiff and the SSPs were not receiving overtime pay for all their hours worked in excess of 40 per workweek.

51. Defendants' violation of the FLSA was willful, as Defendants knew or demonstrated reckless disregard as to whether they were required to pay Plaintiff and the SSPs overtime during weeks where Plaintiff and the SSPs worked in excess of 40 hours per workweek. Defendants also knew or demonstrated reckless disregard as to whether they were required to pay Plaintiff and the SSPs for their compensable duties performed during their unpaid meal breaks during weeks where Plaintiff and the SSPs worked in excess of 40 hours per workweek.

52. Accordingly, Plaintiff and the SSPs were forced to work more than 40 hours per week without overtime compensation. As a result, Plaintiff and the SSPs have been damaged.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff is entitled to and prays for the following relief:

A. Certification as a collective action to all SSPs and appointment of Plaintiff and her counsel to represent the Class; enter an order directing Defendants to pay into a common fund for the benefit of Plaintiff and all other members of the Class the total amount of damages to which Plaintiff and the Class are entitled, including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs and expenses of the litigation and administration of the common fund, and attorney's fees; injunctive relief for Defendants to cease violations of the FLSA; and such other or additional relief deemed appropriate by the Court and available under the FLSA in an amount greater than $75,000; and

B. Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/ *Rhiannon M. Herbert*
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Rhiannon M. Herbert (0098737)
(*Rhiannon@MansellLawLLC.com*)
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-796-4325
Fax: 614-547-3614

*Counsel for Plaintiffs*

**JURY DEMAND**

Plaintiffs hereby request a jury of at least eight (8) persons.

/s/ *Rhiannon M. Herbert*
Rhiannon M. Herbert (0098737)