IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **KATRINA KNUCKLES,** | : | |
| | : | |
| Plaintiff, | : | Case No. 1:23-cv-93 |
| | : | |
| vs. | : | JUDGE MCFARLAND |
| | : | |
| **KOMAN ENTERPRISES, LLC,** *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff Katrina Knuckles ("Plaintiff") and Defendants Koman Enterprises, LLC and Michael Koman (collectively "Defendants") (Plaintiff and Defendants collectively referred to as the "Parties"), by and through counsel, respectfully move this Court for an Order approving the Settlement reached by the Parties and memorialized in the Settlement Agreement and Release ("Settlement"), attached as Exhibit A. The Settlement seeks to resolve the claim Plaintiff has asserted against Defendants under the Fair Labor Standards Act ("FLSA") relating to the payment of overtime wages.

The Parties respectfully submit that the Settlement between Plaintiff and Defendants is fair and reasonable, and satisfies the criteria for approval under § 216(b) of the FLSA. The Settlement was achieved during a Court-facilitated mediation with Magistrate Judge Karen L. Litkovitz on December 14, 2023. Both Parties were represented by experienced counsel during the mediation, and the Settlement was achieved through the assistance of Judge Litkovitz. If approved by the Court, the Settlement will make substantial settlement payments to Plaintiff.

The settlement documents submitted for approval to the Court consist of the following:

      Exhibit A:      Settlement Agreement and Release ("Agreement")

      Exhibit B:      Proposed Stipulated Order of Dismissal with Prejudice and Approval of Settlement

The following sections explain the nature of the Action, the negotiations and mediation, the principal terms of the Settlement, and the propriety of approving the Settlement.

## I. THE ACTION

On February 17, 2023, Plaintiff Katrina Knuckles initiated this action against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (*See* Complaint, Doc. No. 1). Specifically, Plaintiff alleged that she and other similarly situated individuals were not paid an overtime premium for all hours worked in excess of 40 per workweek. (*Id.*, Count I) Defendants denied these allegations. (*See* Answer of Defendants Koman Enterprises, LLC and Michael Koman, Doc. No. 6)

## II. THE NEGOTIATIONS AND COURT-FACILITATED SETTLEMENT CONFERENCE

At various times since the Complaint was filed, the Parties commenced settlement negotiations. Counsel for Defendants proposed that the Parties participate in a mediation of Plaintiff Knuckles' individual claim, and Plaintiff's counsel agreed to this request in lieu of pursuing collective relief based on information provided by Defendants' counsel that called into question whether Plaintiff Knuckles was similarly situated to any proposed collective members. Plaintiff has not filed any Motion for Preliminary Determination on Similarly Situated Individuals and Request for Order to Send Notice to Collective Class in this action.

The Parties jointly requested to participate in a Court-facilitated mediation on behalf of Plaintiff Knuckles individually and requested a stay of proceedings pending the outcome of this mediation on July 18, 2023. (*See* Doc. No. 9) This joint request was granted on August 10, 2023 and referred to Magistrate Judge Litkovitz to conduct the mediation the Parties requested on

October 27, 2023. (*See* Doc. Nos. 12, 13) A mediation and settlement conference was then set for December 14, 2023. (*See* Doc. No. 14) Prior to the settlement conference, the Parties exchanged substantial written discovery regarding Plaintiff's claims and Defendants' defenses to such claims, including but not limited to payroll and time records for Plaintiff. During the settlement conference, the Parties, with the assistance of Magistrate Judge Litkovitz, reached the proposed Settlement in this matter after extensive good faith negotiations.

### III. THE SETTLEMENT TERMS

If approved by the Court, the Settlement will forever resolve all issues between Plaintiff and Defendants. The Total Settlement Payment of Forty Thousand dollars ($40,000.00) will be distributed as follows:

- Plaintiff - a total amount of $23,468.29 dispersed as follows:

    o A check for Eleven Thousand Seven Hundred Thirty-Four Dollars and Fourteen Cents ($11,734.14), minus all applicable withholdings, made payable to "Katrina Knuckles," for allegations of unpaid wage damages. Defendants will make the appropriate payments, less all applicable withholdings, in accordance with applicable wage withholding instructions, to Plaintiff.

    o A check for Eleven Thousand Seven Hundred Thirty-Four Dollars and Fifteen Cents ($11,734.15), made payable to "Katrina Knuckles," for alleged liquidated damages related to her FLSA claim. A Form 1099 will be issued for this payment.

- Attorneys' fees and costs - a total amount of $16,531.71, dispersed as follows:

    o A check for Sixteen Thousand Five Hundred Thirty-One Dollars and Seventy-One Cents ($16,531.71) made payable to "Mansell Law LLC" for allegations of attorneys' fees and costs. A Form 1099 will be issued for this payment.

These payments will be made no later than seven (7) calendar days after the date of the Court's entry of an Order granting approval of the Settlement and dismissal of the action with prejudice.

## IV.     THE PROPRIETY OF APPROVAL

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. The court presiding over an FLSA action may approve a proposed settlement of the action under § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868, *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946)); *but see Alcantara v. Duran Landscaping, LLC,* 2022 WL 2703610 at *4 (E.D. Pa. 7/12/22)(questioning the applicability of *Lynn's Food Stores* and holding that the parties may dismiss an individual FLSA case under Fed. R. Civ. P. 41(a)(1)(A) without court approval).

The payments to Plaintiff are fair, reasonable, and adequate given that there exist bona fide disputes between the Parties, including the amount and extent to which Plaintiff worked in excess of 40 hours per week, whether Plaintiff's role was exempt from the FLSA's overtime pay requirements, and whether Defendants' alleged violations were willful. The range of possible recovery is open to dispute. Indeed, that range is anywhere between no recovery at all or full recovery, depending in large part upon whether Plaintiff worked in an exempt role and the extent to which Plaintiff performed work in excess of 40 hours per week.

The Parties recognized and took into consideration the risks and costs associated with protracted litigation in reaching this resolution with Judge Litkovitz's assistance.  Accordingly, the settlement proceeds are fair, reasonable and adequate.  Furthermore, the settlement includes Plaintiff's release of any and all additional claims she may have had against Defendants.

## V. CONCLUSION

For the reasons set forth above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Stipulated Order of Dismissal with Prejudice and Approval of Settlement, attached as Exhibit B.

Respectfully submitted,

| Attorneys for Plaintiff: | Attorney for Defendants: |
|---|---|
| */s/ Rhiannon M. Herbert*<br>Greg R. Mansell (0085197)<br>(*Greg@MansellLawLLC.com*)<br>Rhiannon M. Herbert (0098737)<br>(Rhiannon@MansellLawLLC.com)<br>Mansell Law, LLC<br>1457 S. High St.<br>Columbus, Ohio 43207<br>Ph: (614) 796-4325<br>Fax: (614) 547-3614 | */s/ Lynn D. Pundzak*<br>Lynn D. Pundzak (0034684)<br>119 East Court Street<br>Cincinnati, OH 45202<br>Ph: (513) 564-9999<br>LPundzak@PundzakLaw.com |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on January 11, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Rhiannon M. Herbert*
Rhiannon M. Herbert (0098737)